IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC CARLSON, ET AL.                    :

                                        :

    v.                                  :       Civil Action No. DKC 2007-1280

                                        :

FEDERAL SIGNAL CORPORATION

                                        :

## MEMORANDUM OPINION

Presently pending and ready for resolution is Plaintiffs'
motion to remand.  (Paper 36).  The issues are briefed and the
court now rules pursuant to Local Rule 105.6, no hearing being
deemed necessary.  For the following reasons, the court is prepared
to grant Plaintiffs' motion and remand the case to the Circuit
Court for Montgomery County, Maryland.  Before doing so, however,
the parties will be invited to comment, if they wish, on a recent
decision by the Court of Special Appeals of Maryland.

## I.   Background

Plaintiffs, Montgomery County firefighters, filed a complaint
in the Circuit Court for Montgomery County against Defendant,
Federal Signal Corporation.  Seeking to recover damages for their
hearing loss, Plaintiffs allege strict liability, breach of
warranty, and negligence related to Defendant's sirens.  (Paper
24).  On May 15, 2007, Defendant removed the case to this court on
diversity of citizenship grounds pursuant to 28 U.S.C. § 1332.
(Paper 1).  There is no dispute that diversity exists between

Plaintiffs and Defendant, but Plaintiffs filed the instant motion to remand alleging that the amount in controversy does not meet the $75,000 statutory minimum. (Paper 36). The *ad damnum* clauses in Plaintiffs' Original and First Amended Complaints sought damages "in an amount in excess of Seventy-four Thousand Dollars ($74,000.00)." (Paper 24). With their motion to remand, Plaintiffs filed a stipulation that "the total amount of all damages that each individual Plaintiff seeks from Defendant is less than Seventy Five Thousand Dollars ($75,000.00)." (Paper 37). Resting on the stipulation setting the amount in controversy below the statutory minimum, Plaintiffs argue that the court does not have jurisdiction to hear the case. Defendant contends that Plaintiffs' claims will meet or exceed the statutory minimum and Plaintiffs cannot strip the court of jurisdiction by filing a post-removal stipulation reducing the amount in controversy to below $75,000.

## II.  Standard of Review

On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court," indicative of the reluctance of federal courts "to interfere with matters properly before a state court." *Richardson v. Phillip Morris Inc.*, 950 F.Supp. 700, 701-2 (D.Md. 1997) (internal quotation omitted); *see also Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).  The

2

court determines diversity jurisdiction as of the date the suit was filed in state court and at the time of removal. *See, e.g.*, *Porche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255-56 (4th Cir. 2002); *Kessler v. Home Life Ins. Co.*, 965 F.Supp. 11, 12 (D.Md. 1997). Thus, even if "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *see also Gardner v. AMF Bowling Ctr., Inc.*, 271 F.Supp.2d 732, 733 (D.Md. 2003) (citing *St. Paul*).

The burden is on the defendant to support the exercise of jurisdiction when a case is removed from state court. *Delph v. Allstate Home Mortgage, Inc.*, 478 F.Supp.2d 852, 854 (D.Md. 2007). As the Fourth Circuit recently reiterated:

> The black letter rule "has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in 'good faith.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961).

*Choice Hotels Intern., Inc. v. Shiv Hospitality, L.L.C.*, 491 F.3d 171, 176 (4th Cir. 2007). Judge Blake explained the analysis as follows:

> Generally, the amount requested in the complaint determines the amount in controversy. *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3[d] Cir. 1993) ("The general federal rule is to decide the amount in controversy

from the complaint itself.") (citing *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961)); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993) (citing *Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 513 (2d Cir. 1957)).

* * * *

In determining whether an amount in controversy is sufficient to confer jurisdiction, courts apply one of two legal standards depending on whether the damages are specified or unspecified in the complaint.[2] Where a plaintiff claims a specific amount in damages that is less than $75,000, removal is proper only if the defendant can prove to a "legal certainty" that the plaintiff would actually recover more than that if she prevailed. In *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000), the Eleventh Circuit explained:

> The rationale is that although a defendant has a right to remove in certain cases, a plaintiff is still master of her own claim. Noting an attorney's twin duties to investigate his client's case and be candid with the court, we reasoned that a pleading containing a specified demand of damages and signed by a lawyer was due deference and a presumption of truth. We concluded that the defendant's burden was a 'heavy one' and the legal certainty standard was therefore appropriate.

*Id.* at 1356 (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). If, on the other hand, a plaintiff's complaint does not allege a specific amount in damages, a defendant need only prove by a preponderance of the evidence that the amount in controversy

exceeds the jurisdictional minimum.[3] *Gilman v. BHC Secur., Inc.*, 104 F.3d 1418, 1421 (2$^d$ Cir. 1997); *Tapscott*, 77 F.3d at 1356; *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *Gafford v. General Elec. Co.*, 997 F.2d 150, 155-61 (6th Cir. 1993); *Shaw*, 994 F.2d at 366; *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). In such cases, "[A] lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." *Tapscott*, 77 F.3d at 1357 (*citing Gafford*, 997 F.2d at 160).

---

[2] The Fourth Circuit has not articulated the precise standard to be applied in ascertaining the amount in controversy for diversity jurisdiction.

[3] For a full discussion of the alternative standards of proof used by federal courts in assessing what a defendant needs to show to satisfy the amount in controversy requirement, *see Penn v. Wal-Mart Stores, Inc.*, 116 F.Supp.2d 557, 562-67 (D.N.J. 2000).

*Momin v. Maggiemoo's Intern., L.L.C.*, 205 F.Supp.2d 506, 509-10 (D.Md. 2002).

## III. Analysis

Maryland Rule of Civil Procedure 2-305 provides, "[u]nless otherwise required by law, a demand for a money judgment shall include the amount sought."   The Court of Special Appeals of Maryland recently interpreted Rule 2-305 to require that *ad damnum* clauses identify a sum certain for damages.  *Hoang v. Hewitt Ave. Assocs.*, -- A.2d --, No. 1048 Sept. Term 2005, 2007 WL 4277860, at *13 (Md.App. Dec. 7, 2007).  In *Hoang*, the *ad damnum* clause of the plaintiff's complaint sought damages "in excess of $100,000," yet

the trial court, during an evidentiary hearing on relief, awarded plaintiff $1,889,755.98.  The appellate court reduced the award to $100,000, concluding that:

> an *ad damnum* clause that seeks damages "in excess of" a stated amount cannot satisfy the plain language directive of Rule 2-305, that "a demand for a money judgment shall include the amount sought." A demand for a money judgment "in excess of" a given number is not a demand for "the amount sought" in damages. It is a request for damages in an unstated amount that is not less than the stated amount, *i.e.*, for a money judgment, of whatever unlimited sum, *higher* than the amount specified. A demand for "the amount sought" puts the opposing party on notice of the sum of money being sought in damages. A demand for damages "in excess of" a stated amount does not; it only informs the defendant that the plaintiff will not be satisfied with an award lower than the amount stated, without giving notice of the maximum sum the plaintiff is seeking. Indeed, a demand for damages "in excess of" a stated amount is similar to a statement that the sum requested satisfies the jurisdictional amount of the court, in that it informs of a floor, but not a ceiling.

*Id*.  The *Hoang* court found that the plaintiff properly stated a specific sum, but improperly modified it with "in excess of," which made the sum non-specific.  The court determined that "in excess of" should be read out of the *ad damnum* clause, which left a clause seeking $100,000.  The court held that the trial court erred in allowing the plaintiff to recover more than $100,000.

Plaintiffs' *ad damnum* clause is similar to the one in *Hoang*, as it seeks damages "in an amount in excess of Seventy-four

Thousand Dollars ($74,000.00)."  The parties interpreted the "in excess of" language as setting an indeterminate amount of damages with a floor of $74,000.  In light of *Hoang*, however, the court will ignore the terms "in excess of" and read Plaintiffs' *ad damnum* clause as seeking only $74,000.

As the amount requested is less than $75,000, removal is only proper if Defendant can prove to a "legal certainty" that Plaintiffs would actually recover at least $75,000.  *Delph*, 478 F.Supp.2d at 854; *Momin*, 205 F.Supp.2d at 509.  Defendant has not met this high burden.  Defendant cites other siren-induced hearing loss cases in which damage awards have exceeded $75,000.  In *Rivenburgh v. CSX Corp.*, the court upheld a jury verdict of $1,000,000.00 for a plaintiff who suffered permanent, irreversible hearing loss in his right ear at the conversational level.  No. 1:03-CV-1168, 2006 WL 2571018, at *8 (N.D.N.Y. Sept. 5, 2006).  The court in *CSX Transp., Inc. v. Long* reduced a jury award of $1,000,000.00 to $500,000.00 for a plaintiff who suffered a permanent 40% loss of hearing.  703 So.2d 892, 898 (Ala. 1996).  Defendant also attached an order granting J.N.O.V. in a hearing loss case in which the jury returned a $300,000.00 verdict. (Paper 38, Ex. C).

Defendant's citations are of limited utility, as Defendant does not draw any meaningful factual parallels between the cited cases and the case at bar.  It is unknown how the extent of

Plaintiffs' hearing damage and medical costs compare to the cited cases.  The only facts regarding Plaintiffs' hearing loss presented to the court are that the loss is permanent and irreversible and will cause a diminution in Plaintiffs' quality of life.  (*See* Paper 24 ¶¶ 19, 20).  The complaint states that Plaintiffs have medical expenses, but the sum is unknown.  (*Id.* ¶ 21).  Further, even if Plaintiffs are awarded more than $74,000, they might not recover the higher amount.  Maryland Rule of Civil Procedure 2-341(b) allows Plaintiffs to seek leave to amend their complaint to reflect a higher *ad damnum* amount in the event that a jury awards more than $74,000.[1]  Permission to amend the *ad damnum* clause is discretionary, however, and there is no requirement that the court permit an amendment.  *See Hoang*, 2007 WL 4277860, at *14. Defendant has not proven to a legal certainty that the amount in controversy meets the statutory minimum, nor has it even met the lesser preponderance of the evidence standard.  Therefore, on the basis of Plaintiffs' complaint seeking $74,000, and in the absence of evidence to the contrary, the jurisdictional threshold for diversity jurisdiction is not met.

---

[1]    The Committee Note accompanying MD.R.Civ.P. 2-341(b) provides, "[b]y leave of court, the court may grant leave to amend the amount sought in a demand for a money judgment after a jury verdict is returned."

The court is prepared to grant Plaintiffs' motion to remand to the Circuit Court for Montgomery County, but in light of the recency of the *Hoang* decision, the court will grant the parties an opportunity to comment.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
